## No. 727.

### JOSEPH T. SWAN ET AL. VS. MRS. ANN T. GAYLE, ADMINISTRATRIX, AND WILLIAM T. ATKINS.

The parish court is without jurisdiction of a suit by creditors of a succession brought against a purchaser of a portion of its property at probate sale, to compel him either to pay the adjudicated price of the property, or have it decreed as still belonging to the succession.

APPEAL from the Parish Court of Ouachita parish.　Slack, J.

Robert J. Caldwell, R. W. & R. Richardson, and W. W. Farmer, for plaintiffs and appellants.

Cobb & Gunby, for defendants and appellees.

The opinion of the court was delivered by

DEBLANC, J.　As creditors of the succession of W. H. Gayle, plaintiffs aver that immovable property belonging to said succession was offered for sale, under order of court, and was adjudicated for cash and on credit to Wm. T. Atkins, one of the defendants, as shown by the procès-verbal of the sale, and, besides, by acts passed before the recorder of Ouachita and recorded in his office.

They assail, as unfounded and false, the declaration made in those acts by Mrs. Gayle, as administratrix of her husband's estate, that Atkins has complied with the conditions of the sale and paid her the price of the property adjudicated to him, and they pray that, unless Atkins does comply with the condition of the aforesaid sale, the property adjudicated to him be decreed to belong to Gayle's succession, and, as such, re-advertised for sale.

We are informed by plaintiffs' petition that—since more than two years—Mrs. Gayle has filed an account of her administration, and that, in July, 1875, the Supreme Court has passed on their opposition to that account, but we have not been apprised of the nature of that opposition or of the tenor of the decree.

Two exceptions were filed by Wm. T. Atkins: one to the jurisdiction of the parish court, by which this case was decided; the other, that plaintiffs' petition discloses no cause of action.

Those exceptions were sustained, and plaintiffs have appealed.

They contend that their demand is of a probate character; that the property adjudicated to Atkins has not ceased to be, is now, in the succession of Gayle.　Were it so, the jurisdiction of the parish court could not be successfully contested; but, by the judicial admissions already cited, what do we learn?　That, under order of a competent court, sales were advertised and made; that at those sales Atkins became the adjudicatee of immovable property; that in the procès-verbal of that sale

and in public acts Mrs. Gayle has acknowledged having received from Atkins the price of said property.

In presence of these admissions, in presence of the violent presumption that, in her final account, the administratrix must have charged herself with the price she owns to have received from Atkins, can we legally maintain that the title to the property and its possession are still in the succession? To reach that conclusion, we would have to disregard the plain letter of the law; for it considers the tradition or delivery of immovables as always accompanying the public act which transfers the property. R. C. C. 2479.

If the price of the property was really paid and appears in the account of the administratrix, she and the sureties on her bond are liable for it. If she did not receive the price and transferred the property, she may be removed, another administrator appointed, and the sale from her to Atkins declared a nullity. She can no longer retard the distribution of that price; her failure to distribute it would of itself justify her removal. C. P. 1013; R. C. C. 1158, 1159.

In argument, plaintiffs' counsel insisted that their object is not to attack or avoid the sales from the succession to Atkins, but to compel the administratrix and Atkins to complete those sales. The contracts, the existence of which is admitted in their pleadings, are not only—in form, at least—complete and recorded, but they are executed contracts, which transfer both title and possession.

This case presents an exceptional feature. The unsworn creditors deny, the sworn representative of the succession asserts, the payment of the purchase price, and those creditors are before us asking that the parish court be instructed to compel the payment of a price which the administratrix declares that the adjudicatee has already made, that she has already received.

If not absolutely unfounded in law, their action is certainly premature. The administratrix is before the court by which she was appointed; she is there with an account of her administration. If that account be correct, the creditors have no cause to complain; if incorrect, they are in the jurisdiction in which it can be disputed, to which they must apply for redress. That redress is, first, by opposition to the account; and, afterward, if it becomes necessary, by removal of the administratrix, by an action on her bond, against her and her sureties, by the appointment of another administrator; and, if then required by the circumstances, by suit to avoid the sales from the succession to Atkins; or, if no price was paid, to have them declared concocted simulations.

The title to the property has passed from the succession, passed under order of court, passed at a sale made at public auction, to the last and highest bidder. That sale was confirmed by acts passed before the

parish recorder, and the probate court should compel an immediate distribution of the proceeds of those adjudications, or remove the administratrix.

Can we, in advance, take for granted that the repeated declarations of the administratrix that she has received the price of the property are deliberate falsehoods, and, in advance, cancel the purchaser's titles to said property, or decree that such titles are mere nullities, which should be erased from the record? The price—if unpaid—may be in the hands of the vendee as a deposit.

The creditors are not without remedy. They may press the administratrix, compel a classification of their claims, a distribution of the proceeds of the sale. Before the homologation of her account, the administratrix is not authorized to settle with the creditors. When their rank shall be recognized and fixed by a decree of homologation, if she fails to pay their share of those proceeds the parish court would not hesitate to pronounce that she had forfeited her trust and transfer that trust to more faithful hands ; and her successor would then inquire whether the price has or has not been paid by Atkins, whether he holds under a real or a simulated title. Until then we can not arbitrarily presume that the administratrix has violated her duty and given away the property of the succession, nor can we arbitrarily presume that any one can imagine that such property, the common pledge of creditors, can be either used or acquired, without a compensation or a price.

There is no error in the judgment appealed from, and it is hereby affirmed with costs.